[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-11899
Non-Argument Calendar
_____

D. C. Docket No. 2:12-cv-00108-LGW-JEG


VICKIE ALDAY,

                                                             Plaintiff-Appellant,

versus

MARLON L. GROOVER,
State Trooper, in his individual capacity,

                                                             Defendant-Appellee.


_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(January 29, 2015)

Before WILLIAM PRYOR, MARTIN, and ANDERSON, Circuit Judges.

PER CURIAM:

    Plaintiff Vickie Alday appeals the district court's grant of summary

judgment in favor of Defendant Marlon Groover on her claims pursuant to 42 U.S.C. §1983.  Alday alleged that Groover, a Georgia State Trooper, used excessive force and unlawfully detained her following a traffic stop.  The district court concluded that Groover had not violated any of Alday's constitutional rights. We affirm the judgment in favor of Groover but, as to the excessive force claim, the Court does so on the alternative ground that Groover is entitled to qualified immunity for his actions, without deciding whether the force was constitutional.

Viewing the facts in the light most favorable to the Alday, Groover stopped Alday in Wayne County, Georgia, while driving her Ford Excursion.  Alday failed to maintain her lane and subsequently ran off of the pavement while pulling over. Alday then exited her vehicle at which point Groover detected an odor of alcohol. Although Alday initially denied consuming alcohol, she then confessed to having done so.  She failed to complete Georgia's standard field sobriety tests, and Groover took her into custody, handcuffing her behind her back.

An hour elapsed between Groover arresting Alday and their arrival at the Wayne County Detention Center.  Groover pulled into the sally port and told Alday to exit the vehicle.  She refused and asked to have somebody accompany her and Groover into the building.  Ten seconds after Groover gave his exit instruction he readied his Taser and pointed it at Alday.  Groover waited another twenty-seven seconds and removed the barbs from the Taser cartridge so that the Taser would

2

operate only in the dry-stun mode.  Groover then entered the back seat of his cruiser and applied the Taser to Alday's neck for five to ten seconds, at which point she complied and exited the vehicle.

We review a district court's grant of summary judgment de novo, "viewing the record and drawing all reasonable inferences in the light most favorable to the non-moving party."  Patton v. Triad Guar. Ins. Corp., 277 F.3d 1294, 1296 (11th Cir. 2002).  Courts shall grant summary judgment only when "there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c).  Although Alday's primary claim on appeal asserts excessive force, she may also have raised an unlawful arrest claim.  We address both.

A. Unlawful Arrest

The Fourth Amendment guarantees the right to be free from arrest without probable cause.  Crosby v. Monroe Cnty., 394 F.3d 1328, 1332 (11th Cir. 2004). The Supreme Court defines probable cause as "facts and circumstances 'sufficient to warrant a prudent man in believing that the (suspect) had committed or was committing an offense.'"  Gerstein v. Pugh, 420 U.S. 103, 111, 95 S. Ct. 854, 862 (1975).  Groover had probable cause to arrest Alday for driving under the influence of alcohol.  Groover smelled an odor of alcohol and Alday admitted to drinking. She also demonstrated evidence of unsafe driving by failing to maintain her lane. Under Georgia law, this conduct creates a prima facie case of being a less-safe

3

driver under the influence of alcohol.  O.C.G.A. §40-6-391(a)(1).  Furthermore, the Georgia Court of Appeals has upheld convictions of this crime on similar evidence. See Pecina v. State, 554 S.E.2d 167, 171 (Ga. Ct. App. 2001) (concluding that the odor of alcohol, open beer cans, the driver's physical manifestation of intoxication, and the driver's failure to maintain lane constituted sufficient evidence to convict of DUI).

   B. Excessive Force

This Court may affirm the district court "on any ground supported by the record even if that ground was not considered by the district court."  Seminole Tribe of Fla. v. Fla. Dep't of Revenue, 750 F.3d 1238, 1242 (11th Cir. 2014).  The district court concluded that "no reasonable jury could find that Groover was motivated by a malicious and sadistic intent to cause harm that shocks the conscience, rather than a good-faith effort to gain Alday's compliance."  This Court need not reach that conclusion because we determine that Groover is entitled to qualified immunity.

Qualified immunity protects government officials sued in their individual capacities if "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."  Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).  The Supreme Court has adopted a two-part test for evaluating a claim of qualified immunity.  The plaintiff must show that (1)

4

there was a violation of the Constitution, and (2) that the illegality of the defendant's actions was clearly established at the time of the incident.  Hoyt v. Cooks, 672 F.3d 972, 977 (11th Cir. 2012).  This Court need not decide whether there was a constitutional violation if illegality of the conduct was not clearly established at the time.  Id.

Alday has cited no case with materially similar facts from the Supreme Court, the Eleventh Circuit, or the Supreme Court of Georgia which might have given Groover fair warning that his actions were unconstitutional, nor has our research revealed such a case.  Thus Alday can surmount the qualified immunity hurdle only if Groover's conduct was "so far beyond the hazy border between excessive and acceptable force that [Groover] had to know he was violating the Constitution even without case law on point."  Willingham v. Loughnan, 321 F.3d 1299, 1303 (11th Cir. 2003).

However, we have the benefit of some guidance from Buckley v. Haddock, 292 F. App'x 791 (11th Cir. 2008), where this Court granted qualified immunity to an officer using a Taser to gain the compliance of a handcuffed suspect.  There, a handcuffed, uncooperative plaintiff refused an officer's order to move from the ground to the patrol car.  Id. at 792-93.  The officer applied the Taser a total of three times to the uncompliant, but otherwise sedate, plaintiff.   Id.  Two judges of this court concluded that the first two taser shocks did not violate the Constitution.

5

Id. at 798-99 (Dubina, J., concurring).

While the unpublished Buckley opinion is not binding precedent and certainly does not establish that the use of taser shock on a handcuffed plaintiff to bring compliance is constitutional, the clear views of those two judges of this court are relevant to the issue of whether the lesser conduct in the instant case violated clearly established constitutional law.[1]  For this reason, Groover is entitled to qualified immunity.

AFFIRMED.[2]

---

[1] In addressing the issue of clearly established constitutional law, we have "take[n] note of the perspective of reasonable jurists who have attempted to articulate the legal landscape [in non-binding precedent]."  Denno v. Sch. Bd. of Volusia Cnty., 218 F.3d 1267, 1272 (11th Cir. 2000).

[2] Appellant's motion to file out of time reply brief is GRANTED.